UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL ELIZABETH HINES,

               Plaintiff,

        -v.-

SOCIAL SECURITY ADMINISTRATION,

               Defendant.

26 Civ. 3653 (KFP) (JW)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Federal Tort Claims Act ("FTCA"), alleging that Defendant Social Security Administration ("SSA") unlawfully withheld back pay in connection with her Supplemental Security Income ("SSI") payments. By Order dated May 8, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the amended complaint, but grants Plaintiff 30 days' leave to replead her claims in a second amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).  But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Rachel Elizabeth Hines brings this action against the SSA. Because she appeared to be challenging a denial of Social Security benefits, the Clerk of Court initially opened this action as a Social Security appeal under 42 U.S.C. § 405(g) and notified the General Counsel of the Social Security Administration and the United States Attorney's Office of the commencement of this action. On May 11, 2026, Plaintiff filed an amended complaint that is substantively similar to the original complaint. (Dkt. #8). On May 14, 2026, Plaintiff filed a letter in which she states that she is "not appealing a denial of Social Security disability benefits under 42 U.S.C. § 405(g)," but rather she is bringing claims for money damages under the Federal Tort Claims Act, 28 U.S.C. § 1346, arising from the SSA's "negligent, wron[g]ful, and unreasonable handling of [her] disability benefits." (Dkt. #12 at 2-3).

The following allegations are drawn from the amended complaint and supplemented with information from Plaintiff's May 14, 2026 letter.[1] In 2018, the SSA "illegally denied" Plaintiff access to disability benefits, "resulting in the accrual of [Supplemental Security Income] overpayments." (Dkt. #8 at 1). The SSA then "withheld backpay to be paid [in] October 2024," presumably in an effort to recover the previous overpayment. (*Id.*). Plaintiff informed the SSA of

---

[1]    The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

"all employment/self employment," but it denied her request for an overpayment waiver "[d]espite proof of hardship."[2]  (*Id.*).

As a result, Plaintiff lost personal property, family heirlooms, and business materials, and has experienced homelessness.

Plaintiff alleges that she complied with the FTCA's exhaustion requirement by filing an administrative claim with the SSA, using Standard Form 95, on June 3, 2025.  (Dkt. #12 at 4).  She further alleges that, per a certified mail receipt, the SSA received her claim, and that more than six months have passed, and she has not received a final decision from the SSA.

Plaintiff seeks $330,000 in damages.

## DISCUSSION

### A.    Claims under the Federal Tort Claims Act

Plaintiff asserts that she is bringing claims for damages under the FTCA. However, for the reasons set forth below, the Court lacks subject matter jurisdiction to consider any claims Plaintiff may be asserting under the FTCA. As an initial matter, the only proper defendant in an FTCA case is the United States.  *See Langella* v. *Bush,* 306 F. Supp. 2d 459, 463 (S.D.N.Y. 2004) ("Under the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit.").  In light of Plaintiff's *pro se* status,

---

[2]    In her May 16, 2026 letter, Plaintiff alleges that the SSA "terminated [her] benefits," presumably a reference to denying her request for a waiver, "based on a mischaracterization of [her] self employment, despite [her] 2024 tax return showing an Adjusted Gross Income . . . which is below the SSA's own substandard[.]" (ECF 12, at 3.)

the Court will construe her claims, brought against the SSA, as being brought against the United States.

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued."[3]  *Cooke* v. *United States*, 918 F.3d 77, 81 (2d Cir. 2019).  The FTCA provides for a limited waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment.  28 U.S.C. § 1346(b)(1).  Section 405(g) of the Social Security Act provides another waiver of sovereign immunity for judicial review of a "final decision of the Commissioner of Social Security made after a hearing."  42 U.S.C. § 405(g).  However, Section 405(h) of the Social Security Act "expressly forecloses FTCA claims against the Government under 28 U.S.C. § 1346 based upon the wrongful withholding of benefits under the Social Security Act."  *Papadopoulos* v. *Astrue*, No. 10 Civ. 7980 (RWS), 2011 WL 5244942, at *11 (S.D.N.Y. Nov. 2, 2011) (citing 42 U.S.C. § 405(h)); *see Smith* v. *Berryhill*, 587 U.S. 471, 482 n.13 (2019) (noting that Section 405(h) "withdraws federal-court jurisdiction under 28 U.S.C. §§ 1331, 1346"); *Langella* v. *Gov't of United States*, 6 F. App'x 116, 117 (2d Cir. 2001) (summary order) (holding that plaintiff "cannot bring his claims under the Federal Tort Claims Act because negligent mishandling of social security benefits is not cognizable under this statute" (citing *Weinberger* v. *Salfi*, 422 U.S. 749, 756-61 (1975)).

---

[3]  "This immunity extends to federal agencies and officers acting in their official capacities."  *Foster* v. *FEMA*, 128 F. Supp. 3d 717, 723 (E.D.N.Y. 2015); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

Section 405(h) states that, "[n]o action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under [Title II of the Social Security Act]."  42 U.S.C. § 405(h).  The Supreme Court interprets the "claim arising under" language of Section 405(h) "quite broadly."  *Heckler* v. *Ringer*, 466 U.S. 602, 615 (1984); *see Retina Grp. of New Eng., P.C.* v. *Dynasty Healthcare, LLC*, 72 F.4th 488, 497 (2d Cir. 2023) ("The 'arising under' language of Section 405(h) is exceptionally broad[.]").  For purposes of Section 405(h), a claim arises under the Social Security Act if (1) "both the standing and the substantive basis for the presentation" of the claim is the Act, or (2) the claim is "inextricably intertwined" with a claim for benefits under the Act. *Heckler*, 466 U.S. at 614-15; *see Retina Grp. of New Eng.*, 72 F.4th at 492 (same).

Here, Plaintiff alleges that the SSA was negligent in handling her Social Security disability benefits, resulting in overpayments and a subsequent denial of a waiver of recovering the overpaid funds.  Although Plaintiff invokes the FTCA, by challenging the SSA's efforts to recover overpayment and its decision to deny her waiver, Plaintiff is effectively asserting a claim to recover under the Social Security Act.  *See Jensen* v. *Rubin*, No. 21 Civ. 482 (SRU), 2022 WL 119237, at *5 (D. Conn. Jan. 12, 2022) (holding that plaintiff's "overpayment and recoupment challenge 'arises under' the Social Security Act"); *see also id.* at *1 (setting forth the procedures, under the Social Security Act and related regulations, for a beneficiary to seek a hardship waiver for the collection of

overpayment, and the procedures to appeal a denial of such a waiver). Because Plaintiff's "tort claims essentially arise under the Social Security Act," Section 405(h) divests the Court of jurisdiction to consider those claims. *Joan T.* v. *Comm'r of Soc. Sec.*, No. 22 Civ. 1251 (MPS), 2023 WL 2600199, at *6 (D. Conn. Mar. 22, 2023).

Moreover, the fact that Plaintiff seeks money damages rather than restoration of her benefits does not remove her claims from Section 405(h)'s denial of jurisdiction.  *See Schweiker* v. *Chilicky*, 487 U.S. 412, 424-25 (1988) (recognizing that the Act "makes no provision for remedies in money damages against officials responsible for . . . conduct that leads to the wrongful denial of benefits"); *O'Donoghue* v. *United States Soc. Sec. Admin.*, 828 F. App'x 784, 788 (2d Cir. 2020) (summary order) (affirming dismissal of money damages claim because the Act "provides no avenue for review" of it); *Donnelly* v. *Barnhart*, 80 F. App'x 701, 702 (2d Cir. 2003) (summary order) ("[T]he United States has not waived its sovereign immunity for claims by a Social Security claimant seeking monetary relief in addition to benefits awards.").

Accordingly, the Court dismisses Plaintiff's claims for damages under the FTCA for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

**B.    Claims under the Social Security Act**

Despite Plaintiff's disavowal of any attempt to assert claims under the Social Security Act, in light of her *pro se* status, the Court will nonetheless grant her leave to replead a claim under Section 405(g), which, as discussed

above, is the sole avenue by which she may challenge the withholding or denial of her Social Security benefits.

The Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under Section 405(g). *See Weinberger*, 422 U.S. at 764 ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security ("Commissioner"). The second is the requirement that the administrative remedies of the SSA be exhausted. *Abbey* v. *Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen* v. *City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge ("ALJ"); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). When the Appeals Council issues a final decision, the plaintiff's administrative remedies have

8

been exhausted, and the plaintiff may seek review of that decision in a federal district court.[4]

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York* v. *Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors to excuse failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[ ] would suffer irreparable harm if required to exhaust administrative remedies." *Pavano* v. *Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

The Social Security Act also requires that a complaint challenging a final decision of the Commissioner be filed within 60 days of the claimant's receipt of the Notice. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210. The 60-day statute of limitation period begins when an individual receives the Notice, and that date is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *see Matsibekker* v. *Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). The Commissioner has the power to extend the 60-day limitations period on a showing of "good cause." 20 C.F.R. §§ 416.1482, 416.1411.

---

[4]  "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims* v. *Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

Here, possibly because she was not intending to bring a social security appeal, Plaintiff's complaint includes no indication that she exhausted her administrative remedies or received a final decision from the Commissioner regarding the denial of her overpayment waiver.  Plaintiff also does not set forth facts demonstrating that any failure to exhaust should be excused.  Because Plaintiff does not allege facts showing that this Court has jurisdiction under Section 405(g) to hear her claims, her claim cannot proceed at this time.

The Court grants Plaintiff leave to replead a claim under Section 405(g) in a second amended complaint.

### LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill* v. *Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco* v. *Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez* v. *USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  The Court grants Plaintiff leave to amend her complaint to plead a claim under Section 405(g) by showing that she exhausted her administrative remedies with the SSA before filing this action in federal

court, or to set forth facts showing that her failure to exhaust administrative remedies should be excused, consistent with the standards set forth above.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

The Court's May 12, 2026 Order of Referral to Magistrate Judge Willis is hereby WITHDRAWN and VACATED.  (Dkt. #9).

**CONCLUSION**

The Court dismisses the amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to replead her claims in a second amended complaint, as set forth above.

Defendant need not file an answer or otherwise respond to any second amended complaint filed by Plaintiff unless and until directed to do so by the Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  May 22, 2026
         New York, New York

_____
        KATHERINE POLK FAILLA
        United States District Judge

12