# United States District Court Southern District of New York

Rachel Elizabeth Hines,
Plaintiff, Pro Se



V

Social Security Administration
Defendant.

Case No# 1:26-CV-03653 (KPF)

Emergency Motion for Temporary Restraining Order and Preliminary injunction

Plaintiff Rachel Hines, proceeding Pro Se, respectfully moves this Court for a Temporary Restraining Order and preliminary Injunction compelling Defendant Social Security Administration (SSA) to immediately process her pending administrative appeal.

**Relief Requested**

1. Plaintiff requests that the Court order the SSA to:
Schedule a hearing before an Administrative Law Judge (ALJ) on plaintiffs form HA-501,
filed August 27, 2025 within 14 days of this order.
2. Issue a final decision within 14 days of hearing.
3. In the alternative, immediately release a  portion of plaintiffs withheld backpay $18,000 to prevent irreparable harm, pending a full hearing.

Facts supporting emergency relief

1. plaintiff is homeless, living in a shelter.Her minor son has been in foster care since August 8, 2025.
2. The Westchester County Family Court has ordered reunification for June 17, 2026 only 14 days from now. A copy of the order is attached as exhibit D to Plaintiff's second Amended complaint.
3. Plaintiff's ability to reunite with her son depends on stable housing, which she cannot obtain comfortably without the withheld SSA benefits.
4. Plaintiff filed form HA-501 requesting an ALJ hearing on August 27, 2025. More than 9 months later, the SSA has not scheduled a hearing, nor assigned an ALJ, or issued any decision.
5. On May 26, 2026, an SSA representative confirmed that no decision has been made and no

ALJ assigned.

6. Everyday prolongs plaintiff's homelessness and her son's placement in foster care harm that money cant remedy later.

Legal Standard for a TRO/ Preliminary Injunction

Under federal rule of Civil Procedure 65, a Court may grant a TRO or preliminary injunction when the movant shows:

- ◯ Likelihood of success on the merits
- ◯ Irreparable harm absent injunctive relief
- ◯ Balance of equities tips in the movants favor
- ◯ Public interest supports the injunction

All four factors strongly favor plaintiff

Argument

1.Plaintiff is likely to succeed on the merits.

The SSA has a clear, non-discretionary duty  to Process Plaintiff's hearing request within a reasonable time. Nine months of total inaction is unreasonable as a matter of law, violating the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act.

2. Plaintiff will suffer irreparable harm without immediate relief.

Homelessness and the loss of parental custody are quintessential irreparable harms.
If the SSA does not act before June 17 2026,
Plaintiff will suffer further hardship acquiring adequate housing for herself and son on the date for reunification (June 17, 2026).
A harm that cannot be undone by later money damages.

3.The Balance of equities favors Plaintiff.

The plaintiff lost her home and custody of her child. The SSA faces only the administrative burden of expediting one case- a burden that is negligible compared to Plaintiff's suffering.

1. The Public interest strongly favors granting the motion.

The public has a profound interest in protecting the rights of parents and children, enforcing court-ordered reunification, and holding federal agencies accountable for unreasonable delay.

Conclusion

For the reasons stated, Plaintiff respectfully requests that this court grant a Temporary Restraining Order and Preliminary Injunction compelling the SSA to schedule her ALJ hearing within 14 days and issue a final decision within 14 days thereafter, and to release immediate funds to prevent irreparable harm.

Respectfully Submitted,

Rachel Hines
Plaintiff, Pro Se
(804)712-8073
hines.rachel1@icloud.com
June 3, 2026

Application DENIED.

In a previous Order, the Court dismissed Plaintiff's Amended Complaint for lack of subject matter jurisdiction.  (Dkt. #14). Plaintiff is directed to follow the Court's Order and replead her claims on or before **June 22, 2026.**  The Court will close the case if Plaintiff does not replead by the deadline.

The Clerk of Court is directed to terminate the pending motion at docket entry 15.

Dated:    June 4, 2026          SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE